UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

In re:

Amber A. Sears,                                            Case No.: 14-47935-wsd
                                                                                                                       Chapter 7
         Debtor.                                          Hon. Walter Shapero
_____/

## OPINION DENYING TRUSTEE'S AMENDED MOTION TO APPROVE COMPROMISE UNDER RULE 9019

The Debtor filed her Chapter 7 petition on May 6, 2014 and Timothy J. Miller ("Trustee") is the duly appointed Chapter 7 trustee. Several parties became involved in the contested matters and litigation incident to the Debtor's bankruptcy proceeding. On October 3, 2014, the Court ordered mediation of all of the contested matters by all parties involved. Mediation was successful and on March 27, 2015, after the Trustee filed a motion for authority to compromise, the Court entered an order approving the compromise, which included effectuation of the term sheet signed by all parties incident to the mediation. The compromise agreement included several disbursements to be made by the Trustee from the funds he was to receive under the agreement. Included in the disbursements was $35,000.00 to Amber Sears, Yvonne Sears, (among the so-called "Debtor Parties") via the trust account of Donald Darnell (an attorney for one of the involved parties). Paragraph 11 of the term sheet evidencing the agreement states:

> Trustee shall reserve $2,000.000 from the $35,000.00 being paid to the Debtor Parties. If the Trustee obtains a release from Blue Cross Blue Shield of all parties to this agreement, the $2,000.00 shall be distributed to Blue Cross Blue Shield. If no release is obtained prior to the closing of this estate, the $2,000.00 shall be distributed as part of the $35,000.00 set forth in paragraph 2 above, for the benefit of the Debtor Parties to the client trust account of Darnell.

By affidavit, Darnell states: (1) in late April 2015, he received and deposited in his IOLTA account $34,125 sent to him by the Trustee pursuant to the term sheet; (2) he received no

instruction or advice from the Trustee that any amount was to be retained and not distributed; (3) within a few days of such receipt, he distributed all of such to the appropriate recipients, including an amount to himself as agreed professional fees; and (4) he received the $875 balance of the $35,000 on May 26, 2015 and immediately thereafter transferred it to himself, presumably in payment of the balance of his professional fees not fully satisfied by the previous disbursement.

In September 2015, the Trustee asserts he discovered and acknowledged his not having paid the $2,000 to Blue Cross Blue Shield prior to his distribution to Darnell. The Trustee so informed Darnell, requesting him to forward $2,000 to Blue Cross Blue Shield, but Darnell declined to do so. Thereafter, the Trustee filed the instant motion seeking to require Darnell to in effect disgorge the $2,000 and/or pay it directly to Blue Cross Blue Shield, asserting various theories such as quasi-contract, unjust enrichment, and conversion.

The above-quoted term sheet provision clearly places *on the Trustee* the burden of reserving (and paying) the $2,000 to Blue Cross Blue Shield. When he received the indicated payments from the Trustee, Darnell had a right to reasonably assume that having been sent the full $35,000, the referred-to release was either not by then received, or in any event would not later be forthcoming, permitting the reasonable conclusion that Darnell was thus able to distribute all of the funds received. It is true that the payments to Darnell were made *prior* to the closing of the estate, so it might be argued therefore that under the term sheet the Trustee in effect had until the closing of the estate to obtain the release and thus Darnell should have waited and held back $2,000 until the estate had actually closed without the release having by then been obtained. Under the circumstances, however, the Court believes that if such was the Trustee's position, it should have been conveyed to Darnell at the time the money was sent to him, lest as noted it be

(reasonably) concluded by Darnell that the release was simply not obtainable or forthcoming then or prior to the closing of the estate.

This is indeed an unfortunate situation. However, to decide in the Trustee's favor, in effect, would require Darnell to choose between paying the $2,000 from his own fees and pocket and/or seeking return of such from the recipients – clearly an uneconomic and difficult enterprise, and one that should not be borne by him. On balance, fairness and equitable principles involved in this situation in the Court's view require that at least as between Darnell and the Trustee (whose acknowledged mistake gave rise to this situation), the Trustee should bear the consequences. The Court therefore finds that the recovery theories asserted by the Trustee are not sufficiently applicable to this situation to require a different result. Accordingly, the Trustee's Motion is denied. The Court is contemporaneously entering an order effectuating this opinion.

**Signed on January 04, 2016**

                                              **/s/ Walter Shapero**
                              **Walter Shapero**
                              **United States Bankruptcy Judge**